IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED JUL 13 2011 CLERK, U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA

Jasper D. Robertson, )
   Plaintiff, )
)
v. ) 1:10cv703 (TSE/IDD)
)
Deputy Barriet, )
   Defendant. )

## MEMORANDUM OPINION

Jasper D. Robertson, a Virginia inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983, alleging defendant Deputy Barriet violated his rights under the Eighth Amendment when the electronic door that Deputy Barriet was monitoring closed on plaintiff. Defendant Barriet filed a Motion for Summary Judgment, arguing that plaintiff's claim is not of constitutional dimension and defendant Barriet is entitled to qualified immunity. Robertson was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Plaintiff filed a response, in which he argues that the defendant is not entitled to qualified immunity and summary judgment is inappropriate because there are genuine issues of material fact. Plaintiff also asked for his affidavit to be considered in a Motion for Leave to Amend, which must be granted. For the reasons that follow, defendant's Motion for Summary Judgment must be granted.

### I. Background

On March 8, 2010, Robertson was delivering lunch bags as part of his job working for the kitchen at Chesapeake Correctional Center. Officer Barriet was on duty and working in the Master Control Booth. Barriet opened a steel metal door electronically to let Robertson enter the main hall to deliver lunches. The door closed before Robertson had walked through, pinning

1

Robertson in the doorway. See Am. Compl. at 1, ECF No. 6; Mem. at 2, ECF No. 13. Barriet asserts that he answered another call after opening the sliding door for Robertson, but that he did not close the door. See Mem. at 2, ECF No. 13.

Robertson delivered the lunches, then returned to the kitchen and reported the incident to the kitchen deputy. See Robertson Aff. at 3, ECF No. 18-1. Robertson was sent to the medical department, where it was determined that no bones were broken and Robertson was given pain medication for his back. See Am. Compl. at 2, ECF No. 6. He was also restricted from lifting more than twenty pounds until he could be evaluated by a doctor. See Robertson Aff. at 4, ECF No. 18-1. He was examined by a doctor on March 15, 2010, who determined that X-rays were not required. Robertson continued to take Motrin for his pain. Id.

Robertson filed a grievance about this incident. The response indicated that the incident was accidental. Others allegedly told Robertson that Deputy Barriet had previously closed the sliding door on other inmates and a staff member. Deputy Barriet was removed from working at Master Control and was re-assigned to work in the kitchen. See id. at 4-5.

## II. Standard of Review

Summary judgment is appropriate where "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A "genuine" issue of material fact is present "if the evidence is such that a reasonable jury could . . . return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "When a motion for summary judgment is made and supported . . . [by affidavits], an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Unsubstantiated, conclusory claims without evidentiary support are insufficient to satisfy a non-

moving party's burden on summary judgment. Carter v. Ball, 33 F.3d 450, 461-62 (4th Cir. 1994); Goldberg v. B. Green & Co., 836 F.2d 845, 848 (4th Cir. 1988). Where a genuine issue of material fact exists, summary judgment may only be awarded if the court assumes the facts as alleged by the non-moving party. See Moore v. Winebrenner, 927 F.2d 1312, 1313 (4th Cir. 1991) ("In reviewing a grant of summary judgment...we view the inferences to be drawn from the underlying facts in the light most favorable to the nonmoving party."), cert. denied, 502 U.S. 828 (1991).

### III. Analysis

In evaluating claims of excessive force under the Eighth Amendment, the "core judicial injury" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." See Wilkins v. Gaddy, 130 S. Ct. 1175, 1178-79 (2010) (citing Hudson v. McMillian, 503 U.S. 1, 7 (1992); Whitley v. Albers, 475 U.S. 312, 319-21 (1986)). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated...whether or not significant injury is evident." Hudson, 503 U.S. at 9. The extent of injury suffered by the inmate is relevant to the inquiry, both because it may suggest whether the use of force could plausibly have been thought necessary in a particular situation, Whitley, 475 U.S. at 321, and because it may provide some indication of the amount of force applied. Wilkins, 130 S.Ct. at 1178 (rejecting the notion that an excessive force claim involving only *de minimis* injury is subject to automatic dismissal). Nonetheless, "[i]njury and force...are only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins, 130 S.Ct. at 1178-79.

Robertson has failed to allege sufficient facts to support his claim that defendant Barriet violated his rights under the Eighth Amendment. Robertson alleges that Barriet closed the door that caused his injuries while Robertson was standing in the doorway, but he does not dispute that he was able to escape from the doorway and deliver the lunches before returning to the kitchen to report the incident. The fact that Robertson was able to deliver the lunches before returning to the kitchen and the doctor's ultimate determination that the only treatment Robertson needed was to take Motrin both indicate that the amount of force applied was not extraordinarily powerful. Wilkins, 130 S.Ct. at 1178. Moreover, Robertson does not provide any evidentiary support of his allegations that Deputy Barriet has used the sliding door to injure other inmates and another staff member, and he also has not provided any evidence to refute defendant's assertion that the door was not purposefully closed on Robertson on this occasion. Therefore, Robertson has not shown that defendant Barriet used force and inflicted pain maliciously and sadistically in a way that offends "contemporary standards of decency." Stanley v. Herjirika, 134 F.3d 629, 634 (4th Cir. 1998). Accordingly, defendant's Motion for Summary Judgment must be granted.[1] An appropriate Order and judgment shall issue.

Entered this 13th day of July 2011.

/s/ T. S. Ellis, III
T. S. Ellis, III
United States District Judge

Alexandria, Virginia

---

[1] Because defendant prevails on the merits, the Court declines to address the issue of qualified immunity. See Wilson v. Layne, 526 U.S. 603, 609 (1999) (establishing two-prong qualified immunity test, where courts must first determine whether the plaintiff alleged an actual constitutional deprivation).

4